PER CURIAM.
Appellee, plaintiff, brought suit against defendants, O. Sanford Jasper, as Tax Collector of Pinellas County; Fred O. Dickinson, Jr., as Comptroller of the State of Florida; and Earl Faircloth, as Attorney General of the State of Florida, seeking declaratory relief through the construction of Chapter 205, Florida Statutes, F.S.A.
Plaintiff operates exhibitions and showings of antiques throughout Pinellas County. As a result of the nature of his business, he holds these exhibitions in more than one location and leases spaces to antique dealers and charges the public for admission to the exhibitions. Defendant, O. Sanford Jasper as Tax Collector, required plaintiff to purchase individual licenses for each place of exhibition under § 205.49, Fla. Stats., F.S.A., and levied additional license for each dealer leasing space from plaintiff.
Prior to the entry of tne final decree, motion was filed to strike Earl Faircloth, as Attorney General, as one of the defendants, which motion was granted. A motion to dismiss Fred O. Dickinson, Jr., as Comptroller of the State of Florida, as another of the defendants, was granted. Motions were then made by the plaintiff and the remaining defendant for summary judgment in their favor. Upon a hearing on the pleadings, the trial judge granted the motion for summary judgment and entered its final decree.
By order of the final decree plaintiff was required to obtain a license under provisions of Chapter 205, Florida Statutes, F.S.A., for one year, which license would cover plaintiff’s exhibitions throughout the county; providing, however, that he does not conduct two or more exhibitions simultaneously, and that plaintiff’s exhibitors must each hold their exhibition subject to the payment of license tax provided by § 205.59, Fla.Stats., F.S.A.; and that all sums paid by the plaintiff above the costs of one license, as required in the decree, should be refunded within twenty days. This appeal followed.
 Appellant has assigned as error the motion dismissing Fred O. Dickinson, Jr., as Comptroller of the State of Florida, as one of the defendants, and that the court erroneously construed Chapter 205, Florida Statutes, F.S.A. The appellee cross-assigned as error the court’s ruling that he would be prohibited from holding simultaneous exhibitions under the license issued.
We have examined the record, briefs and all papers filed, and haying found no error, we affirm.
LILES, Acting C. J., and PIERCE and HOBSON, JJ., concur.